FILED
MAY 22 2018
CLERK, U.S DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO LUNA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC, a business entity form unknown, and DOES 1-30, inclusive,<br><br>Defendant. | Case No.: 3:17-cv-02067-BEN-KSC<br><br>**ORDER:**<br>**(1) DENYING MOTION TO REMAND, and**<br>**(2) GRANTING MOTION TO DISMISS THE FOURTH CAUSE OF ACTION**<br><br>[Doc. Nos. 5-6] |

Before the Court is Plaintiff Leo Luna's ("Luna") Motion to Remand (Doc. No. 5) and Motion to Dismiss the Fourth Cause of Action (Doc. No. 6). The motions are fully briefed and judged appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7.1. Having considered the moving and opposing papers, and for the reasons stated below, the Court hereby **DENIES** Luna's Motion to Remand and **GRANTS** the Motion to Dismiss the Fourth Cause of Action.

///

///

1

## BACKGROUND

On January 7, 2017, Luna purchased a used 2013 BMW 328i sedan ("Vehicle") with 28,636 miles on it. (Doc. No. 5-1 at 2.) After experiencing numerous issues with the vehicle, Luna filed suit in the San Diego Superior Court on September 5, 2017. (Doc. No. 1 at 1.) The Complaint alleges six causes of action: (1) *Violation of Song-Beverly Consumer Warranty Act – Failure to Repair Defect(s) within Reasonable Number of Attempts* (Civil Code § 1793.2(d)); (2) *Violation of Song-Beverly Consumer Warranty Act – Failure to Commence Repairs or Repair Defect(s) within 30 Days* (Civil Code § 1793.2(b)); (3) *Breach of Express Warranty pursuant to 15 U.S.C. § 2310(d)* (Civil Code § 1794); (4) *Violation of Magnuson-Moss Warranty Act*; (5) *Violation of Consumer Legal Remedies Act – Failure to Disclose Misrepresentation, Unfair and Deceptive Acts and Practices* (Civil Code § 1770(a)); (6) *Breach of Express and Implied Warranty, Civil Code § 1790, et seq., The Song-Beverly Consumer Warranty Act* (*Id.* at 5-11.) The Complaint seeks damages, rescission of the purchase contract and restitution of all monies expended, incidental and consequential damages, punitive damages, equitable relief, prejudgment interest, and reasonable attorneys' fees and costs. (Doc. No. 1-3, ¶ 45.)

On October 16, 2017, BMW of North America, LLC ("BMW") removed the case based on federal question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a). (Doc. No. 1 at 2-8.) Luna filed a Motion to Remand to State Court together with a Motion to Dismiss Count Four of the Complaint (*the only federal law claim*) on October 23, 2017. (Doc. Nos. 5-6.) BMW filed oppositions to both Motions on November 16, 2017, to which Luna replied on November 22, 2017. (Doc. Nos. 8-11.)

///
///
///
///

**LEGAL STANDARD**

**I. Remand Under 28 U.S.C. §§ 1447(c) and 1367(c)(3)**

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court. 28 U.S.C. § 1441(a); *City of Chi. v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 163 (1997). Thus, removal of a state action may be based on either diversity or federal question jurisdiction. *City of Chi.*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal jurisdiction is based entirely on federal statutory authority. *See* 28 U.S.C. § 1441 *et seq.* These removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand to the state court if there are doubts as to the right of removal. *Nev. v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction, by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9 th Cir. 2010). The district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").[1]

**II. Voluntary Dismissal Under Rule 41(a)(2)**

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, with the approval of the court, to dismiss an action with prejudice at any time. The rule provides that: "an action may be dismissed at the plaintiff's request ... by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal under Rule

---

[1] An order remanding a case based on a lack of subject matter jurisdiction is not appealable. 28 U.S.C. § 1447(d); *Carlsbad Tech, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638-39 (2009).

41(a)(2) "is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citing *Sams v. Beech Aircraft Corp.* 625 F.2d 273, 277 (9th Cir. 1980)). Dismissal without prejudice is proper "so long as the defendant will not be prejudiced ... or unfairly affected by dismissal." (*Id.*) (internal citations omitted).

When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some legal prejudice as a result of the dismissal. *Westlands Water Dist. v. United States*, 100 F.3 94, 96 (9th Cir. 1996) (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994)). Although case law does not articulate a precise definition of "legal prejudice," the cases focus on the rights and defenses available to a defendant in future litigation. (*Id.*) (citing 5 James W. Moore's Federal Practice ¶ 41.05[1] nn. 51-53).

## DISCUSSION

The Court is confronted with two motions, a Motion to Remand to State Court and a Motion to Dismiss the Fourth Cause of Action. "Generally, jurisdiction is a preliminary matter that should be resolved before all others." *Leeson v. Merck & Co., Inc.*, 2006 WL 3230047, *2 (E.D. Cal. Jan. 27, 2006); *see also Villarreal v. Chrysler Corp.*, 1996 WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) ("Judicial economy will best be served by addressing the remand issue [before a party's motion to dismiss] because a determination on this issue will facilitate litigation in the appropriate forum."). Moreover, "Post-removal amendments to the pleadings cannot affect whether a case is removable because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (citations omitted). Therefore, the Court will address the Motion to Remand first.

///

///

4

I. **Motion to Remand**

Luna moves to remand this action to state court arguing BMW failed to meet the requirements for federal question and diversity jurisdiction. (Doc. No. 5 at 1.) BMW opposes remand and contends the Court possesses subject matter jurisdiction under both sections. (Doc. No. 9 at 2.)

A. Federal Question Jurisdiction

Determination of federal question jurisdiction "is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiffs properly pleaded complaint." *Cal. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000).

Luna's fourth cause of action asserts a claim under federal law, the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310(d). Under § 2310(d)(1)(B), "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief in an appropriate district court. However, before subject matter jurisdiction is invoked, the amount in controversy must be shown to be at least $50,000.[2] 15 U.S.C. § 2310(d)(3)(B).

In drafting the MMWA, Congress, while providing a substantive right of action to consumers, did not specify the appropriate measure and type of damages that are available. This has led a number of courts, including the Ninth Circuit, to turn to the applicable state law to determine what remedies are available under the Act. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1039 (9th Cir. 2004) ("State law generally guides courts in determining whether punitive damages are available as a remedy for breach of warranty under the [Magnuson-Moss Warranty] Act."). Based on the allegations and

---

[2] The Act's amount in controversy excludes interests and costs. (*Id.*)

5

facts presented, the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1790 *et seq.*, also known as California's "lemon law," is the appropriate state law.

The Song-Beverly Act authorizes civil penalties of up to two times the amount of actual damages for violations. Cal. Civ. Code § 1794(c). While these civil penalties are not punitive damages *per se*, California courts have, on numerous occasions, analogized the two because both are intended to punish and deter defendants rather than compensate plaintiffs. *See, e.g., Suman v. Super. Ct.*, 39 Cal. App. 4th 1309 (1995). This Court similarly believes that the Song-Beverly Act's civil penalties are akin to punitive damages and ought to be treated the same for the purposes of this analysis.

In an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *see also Brady v. Mercedes Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002) (holding that Song-Beverly Act's civil penalties should be included in the amount in controversy requirement for diversity jurisdiction). Moreover, there is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in title 28 U.S.C. § 1332. Thus, when the civil damages authorized by the Song-Beverly Act are combined with the actual damages alleged, the composite sum satisfies the Magnuson-Moss Act jurisdictional requirement.

### 1. *Actual Damages Under Song-Beverly*

In an action brought pursuant to the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). The actual price paid or payable includes paid finance charges. *Mitchell v. Blue Bird*

*Body Co.*, 80 Cal. App. 4th 32, 37-38 (2000). Moreover, the amount directly attributable to use by the buyer "shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer ... by a fraction having as its denominator 120,000 and its numerator, the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle ... for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(C).

Here, the sales contract attached to the Motion to Remand indicates Luna purchased a used 2013 BMW 328i Sedan for a total price of $23,549.26. (Doc. No. 5-3 at 1-3.) This included a $5,916.46 down payment, financing $16,795.62 (*term of 60 months*) and $837.18 in finance charges over the course of the loan.[3] (*Id.*) According to BMW's repair records, Luna first took the vehicle in for repairs on August 31, 2017. (*See* Doc. No. 1-5 at 2.) At that time, the vehicle's mileage was 35,410 miles. (*Id.*) However, since Luna purchased the vehicle with 28,636 miles on it, he was only responsible for 6,774 of those miles. Thus, the amount directly attributable to use by Luna is $1,294.52. Therefore, after Luna's mileage use setoff is deducted from the total sale price, the amount of actual damages Luna potentially could collect is $21,637.56.[4]

### 2. *Civil Penalties Under Song-Beverly*

A buyer who establishes a willful violation of the Song-Beverly Act may recover a civil penalty of "two times the amount of actual damages." Cal. Civ. Code § 1794(c). Here, Luna stood to potentially recover $21,637.56 in damages. As such, Luna may be entitled to an additional $43,275.12 in civil penalties. Combining Luna's potential

---

[3] The amount of finance charges actually paid is likely considerably less than $837.18, given that the final payment under the sales contract is due on January 21, 2022. For purposes of calculating the amount in controversy, the court will adopt an estimate of $220 (*finance charges incurred for nine payments beginning February 21, 2017*) for a total purchase price of $22,932.08.

[4] $22,932.08 (*total purchase price*) - $1,294.52 (*Luna's mileage use setoff*) = $21,637.56 (*adjusted total purchase price*).

7

damages and civil penalty results in a sum of $64,912.68, exceeding the $50,000 threshold required to assert an MMWA claim.

Accordingly, the Court has federal question jurisdiction over the MMWA claim and supplemental jurisdiction over the remaining state law claims under Title 28 U.S.C. § 1367. Because the court concludes that the requirements for federal question jurisdiction are met, it need not address whether it has diversity jurisdiction as well.

Therefore, removal was proper and the Motion to Remand is hereby **DENIED**.

## II. Motion to Dismiss

Luna moves to dismiss his only federal law claim (*cause of action four*) without prejudice, for violation of the MMWA[5] under Fed. R. Civ. P. 41(a)(2). (Doc. No. 6 at 3.) Specifically, "Luna requests an amendment to dismiss the fourth cause of action without prejudice *only if* the court finds that plaintiff's $20,000 vehicle meets the $50,000 amount in controversy threshold, under the MMWA." (Doc. No. 11 at 2.)

Normally, the Court looks to see if granting dismissal would result in any legal prejudice to BMW. However, BMW has not presented any evidence indicating it will suffer legal prejudice if the motion is granted. In fact, BMW does not oppose the motion to dismiss, "If Luna wants to dismiss his Magnuson-Moss cause of action without prejudice, BMW NA will not stand in his way." (Doc. No. 8 at 3.) Moreover, as discussed *supra*, the Court found the $50,000 jurisdictional requirement satisfied and federal question jurisdiction proper over the MMWA claim.

The Court is also cognizant that under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. [W]hen a defendant removes a case to federal court based on the presence of a federal claim an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Rockwell Intern. Corp. v.*

---

[5] Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 and 2310.

8

*United States*, 549 U.S. 457, 474 n.6 (2007) (citations omitted). Thus, despite Luna's tactical decision to seek dismissal of the MMWA claim, it will not divest this Court of jurisdiction, as it was determined at the time of removal.

Accordingly, the Court **GRANTS** the Motion to Dismiss cause of action four without prejudice.

## CONCLUSION

The Motion to Remand is **DENIED** and the Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

DATED: 5/21/2018

Hon. Roger T. Benitez
United States District Court