UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO LUNA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendants. | Case No.: 17cv2067-BEN(KSC)<br><br>**ORDER RE PLAINTIFF'S EX PARTE MOTION TO COMPEL [Doc. No. 38] and DEFENDANT'S EX PARTE APPLICATION FOR DETERMINATION OF UNTIMELY DISCOVERY DISPUTE [Doc. No. 39]** |

The following are currently before the Court: (1) plaintiff's *Ex Parte* Motion to Compel Production of [Defendant's] Dealer Policies and Procedures Manual [Doc. No. 38]; and (2) defendant's *Ex Parte* Application for Determination of Discovery Dispute [Doc. No. 39]. For the reasons outlined more fully below, the Court finds that plaintiff's *Ex Parte* Motion must be GRANTED and defendant's *Ex Parte* Motion must be DENIED.

### *The Parties' Dispute*

On January 11, 2019, plaintiff served defendant with a document entitled "Notice to BMW of North America, LLC of Taking Deposition of Person Most Knowledgeable and Request to Produce Documents." [Doc. No. 39-2, at pp. 1-10 (Exhibit A); Doc. No. 39-1, at p. 2.] Defendant served plaintiff with objections to the Notice/Document

1

Requests on February 6, 2019. [Doc. No. 39-3, at pp. 1-37 (Exhibit B).] The objections are boilerplate; defendant did not provide a substantive response. The most relevant objection listed is "protected as confidential, proprietary, trade secret and/or commercially sensitive without the application of an appropriate protective order." [Doc. No. 39-3, at p. 26.] Plaintiff sent an Amended Notice to defendant on May 7, 2019, and defendant then served plaintiff with amended objections May 9, 2019. [Doc. No. 39-1, at p. 2.]

Plaintiff's Document Request No. 9 reads as follows:

> A copy of the Dealer Policy and Procedures Manual provided to BMW of North America, LLC's authorized repair facilities that performed repairs to the vehicle.

[Doc. No. 39-3, at p. 26.]

Plaintiff argues that the requested manual is relevant to his claims, because he alleges BMW's Authorized Repair Facility (i.e., BMW of El Cajon) was unable to repair the vehicle "despite 7 repair attempts." [Doc. No. 38, at p. 4.] According to plaintiff, the manual contains warranty repair policies and instructions to authorized repair facilities, including instructions to notify the manufacturer of vehicles with repeat repairs. Plaintiff represents that similar manuals that address these topics have been produced in other cases by Toyota, Jaguar, Land Rover, Fiat Chrysler (FCA), and General Motors. [Doc. No. 38, at p. 9.]

The PMK deposition took place on May 17, 2019. The following dialogue took place during the PMK deposition:

> Q. Does BMW have a policies and procedures manual for its dealers that governs warranty repairs?
>
> A. There is – there is this manual called – I believe it's called a Service and Warranty Manual.
>
> Q. Take a look at Item 9 on Page 5 at the bottom and continue at the top of page 6. We request a copy of the dealer policies and procedures

> manual provided to BMW of North America's authorized repair facilities that performed repairs on the vehicle. Have you brought that document?
>
> A. I did not.

[Doc. No. 38, at p. 4.]

At the deposition, defendant produced only a single sheet of paper in response to all of plaintiff's document requests. [Doc. No. 38, at p. 3.]

Pursuant to an Amended Scheduling Order entered on March 18, 2019, the fact discovery deadline was May 24, 2019. On June 13, 2019, the deposition transcript was finalized (i.e., the deponent signed the transcript and defense counsel notified plaintiff's counsel there were no changes to the transcript). [Doc. No. 38, at p. 3.]

On June 14, 2019, counsel met and conferred but were unable to resolve the issue over the subject manual. [Doc. No. 38-1, at p. 2.] Plaintiff's counsel claims defense counsel has given him inconsistent information as to whether the subject manual exists and whether it was previously produced. [Doc. No. 38, at pp. 5-6.] At one point, for example, defendant produced a Warranty Booklet that goes in the glovebox of BMW's vehicles and claimed that was the subject manual. [Doc. No. 38, at p. 6.]

On July 12, 2019, plaintiff's counsel provided defense counsel with a draft of a joint discovery motion requesting an order compelling defendant to produce the Dealer Policy and Procedures Manual. [Doc. No. 38-1, at pp. 2-3, 10; Doc. No. 39-1, at p. 2.] Defendant responded that the proposed joint motion was untimely based on Chambers' Rules. In addition, defendant "again reiterated that BMW NA does not have a 'Dealer Policy and Procedure Manual,' and that BMW NA's Person Most Knowledgeable explicitly testified to a Service and Warranty Manual, which was previously produced at BMW-LUNA00282 through BMW-LUNA000335." [Doc. No. 39-1, at p. 3.]

On July 15, 2019, a Stipulated Protective Order was entered to govern the exchange of confidential documents and information between the parties. [Doc. No. 37.]

On July 26, 2019, plaintiff filed an Ex Parte Motion to Compel Production of BMW's Dealer Policies and Procedures Manual, claiming that defense counsel refused to contribute to a joint motion. [Doc. No. 38, at p. 1.]

On July 29, 2019, defendant filed an Ex Parte Application for Determination of Untimely Discovery Dispute. [Doc. No. 39.] Defendant's Ex Parte Application is essentially an opposition to plaintiff's Ex Parte Application. Defendant argues that plaintiff's Ex Parte Application is untimely, because defendant objected to Document Request No. 9 on February 6, 2019, some five months before defendant received plaintiff's draft motion. In defendant's view, plaintiff should have filed the motion within 45 days after the February 6, 2019 objections. In this regard, Chambers Rule V(A) states as follows: "Unless otherwise ordered, discovery motions shall be filed no later than 45 days after the event giving rise to the dispute and only after counsel have met and conferred. . . . The event giving rise to a discovery dispute is NOT the date on which counsel reach an impasse in meet and confer efforts. For written discovery, the event giving rise to the dispute is the service of an objection, answer, or response, or the passage of a discovery due date without response or production."

On July 31, 2019, plaintiff filed an Opposition to defendant's Ex Parte Application. Plaintiff's view is that his Ex Parte Application is timely, because defendant effectively did not refuse to produce the Policy and Procedures Manual until June 13, 2019, the date that defendant informed plaintiff that the PMK deposition transcript was completed with no changes. According to plaintiff, his Ex Parte Application is timely, because it was filed on July 26, 2019, within 45 days after the transcript was completed. [Doc. No. 40, at pp. 2-3.] In this regard, Chambers' Rule V(B) states as follows: "For oral discovery, the event giving rise to the dispute is the completion of the transcript of the affected portion of the deposition."

## *Discussion*

In the Court's view, the parties are really "splitting hairs" here on the timeliness issue. The Court's Chambers' Rules could be read either way under these

4

circumstances. Defendant's warranty policies are obviously relevant to the dispute. In addition, the parties' papers indicate defendant has been evasive about the existence of any manual or policy that deals with warranties and notification to the manufacturer about vehicles needing repeated repairs. It also appears plaintiff has been diligent in his efforts to get defendant to produce responsive documents since the first Deposition Notice/Document Request served on January 11, 2019.

### *Conclusion*

Based on the foregoing, plaintiff's Ex Parte Motion [Doc. No. 38] is GRANTED and defendant's Ex Parte Application [Doc. No. 39] is DENIED. Without further delay, and ***no later than October 21, 2019***, defendant shall produce the portion of any manual or other document provided to or used by its authorized repair facilities that was effective at the time the repairs at issue in this case were made and that addresses defendant's warranty repair policies and notification to the manufacturer about vehicles with repeat repairs. This document shall be produced subject to the Stipulated Protective Order filed in this case on July 16, 2019 [Doc. No. 37].

IT IS SO ORDERED.

Dated: October 7, 2019

Hon. Karen S. Crawford
United States Magistrate Judge