UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO LUNA, an individual,<br><br>                                   Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>                                   Defendant. | Case No.:  3:17-cv-2067-BEN-KSC<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO SET FEES AND COSTS**<br><br>**[Doc. No. 67]** |

This matter is before the Court on Plaintiff Leo Luna's ("Plaintiff") Motion to Set Fees and Costs.  During a Mandatory Settlement Conference on October 7, 2019, Plaintiff and Defendant BMW of North America, LLC ("Defendant") reached an agreement to settle Plaintiff's underlying claims and to submit the issue of attorney's fees and costs by motion for the Court's determination.  The Court has considered the papers filed in support of and opposition to this Motion, and deems this matter appropriate for resolution without oral argument.  Civ. L.R. 7.1.  For the reasons stated below, the Motion is **GRANTED in part**.

**I.    BACKGROUND**

On September 9, 2017, Plaintiff filed a lawsuit against Defendant in state court, alleging violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal Civ. Code § 1790, *et seq*., and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310,

based on the allegedly defective BMW 328i Plaintiff purchased from Defendant. Plaintiff's Complaint asserted $23,549.26 in damages attributable to the purchase of Plaintiff's vehicle. ECF No. 1-3, 13. Defendant removed the action to this Court on October 6, 2017. ECF No. 1.

On August 27, 2018, Defendant served an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 ("Rule 68"), where it agreed to repurchase Plaintiff's vehicle for $24,000.01. ECF No. 70, 2. This offer included any loan payoff amount due, and agreed to pay Plaintiff's attorneys' fees, costs and expenses as determined by agreement of the parties or by the Court on noticed motion. *Id*. The offer was not accepted, and Plaintiff proceeded with the suit. *Id*. When Defendant served Plaintiff with its Rule 68 Offer of Judgment, Plaintiff had only incurred $29,315.00 in fees and $456.26 in costs and expenses. ECF No. 67, Ex. 7.

On December 17, 2018, the vehicle was totaled and Plaintiff received a total loss settlement from his insurer for $17,356.80. ECF No. 72-2. Litigation nonetheless proceeded for ten more months.

At a Mandatory Settlement Conference on October 7, 2019, the Parties agreed to settle the case. ECF No. 71. The terms of the settlement require Defendant to pay Plaintiff $12,500.00, stipulate Plaintiff will be deemed the prevailing party, and agree that fees, costs and expenses will be determined by the Court on motion. *Id*. Plaintiff now brings such a motion, asserting he has incurred a total of $225,057.25 in attorney's fees and costs. ECF No. 67, 6. Defendant opposes. ECF No. 70.

Defendant does not argue any objections to the reasonableness of time or fees associated with work performed before the Rule 68 Offer. *Id*. at 3-4. Instead, it argues that because Plaintiff did not obtain a more favorable result after Defendant served the Rule 68 Offer, Defendant is excused from paying any attorney's fees and costs incurred thereafter. *Id*. at 3-4. Defendant also passively argues (without any documentation substantiating its own expenses), that Rule 68 requires Plaintiff to pay Defendant's costs from the day of the Rule 68 Offer forward. *Id*.

## II. DISCUSSION

Plaintiff argues he is entitled to attorney's fees and costs incurred after the Rule 68 Offer of Judgment. He makes two claims. First, that "Federal Rule of Civil Procedure 68 is inherently a procedural rule, and therefore yields to substantive California law." ECF No. 72, 2. Second, that Plaintiff's total recovery, including insurance proceeds, exceeds the Rule 68 Offer and therefore Rule 68 would not bar recovery of later attorney's fees and costs. The Court addresses each of Plaintiff's arguments below.

### A. Rule 68 Applies

Notwithstanding federal Rule 68, Plaintiff argues he is entitled to all fees and costs as the prevailing party, relying on the cost-shifting provisions of the Song-Beverly Act. Cal Civ. Code § 1794. The Song-Beverly Act provides, "[i]f the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d). Plaintiff, however, incorrectly argues federal procedural rules, "yield to substantive California law." ECF No. 72, 2.

Instead, "[a] federal court follows federal procedural law and, where it applies, state substantive law." *Kohlrautz v. Oilmen Participation Corp.*, 441 F.3d 827, 830-32 (9th Cir. 2006) (citing *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996)). In diversity actions, federal courts look to state law in determining whether a party has a right to attorneys' fees and costs and how to calculate those fees. *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). However, federal courts still apply federal procedural rules. *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009) ("In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law"). In other words, federal Rule 68 still applies.

Rule 68 allows a defendant party to "serve on an opposing party an offer to allow judgment on specified terms, with the costs then incurred." Fed. R. Civ. P. 68(a). "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985) (citations omitted). "The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Id.* "The award is mandatory; Rule 68 leaves no room for the court's discretion." *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996).

Defendant argues the fee award should be limited to only those fees and costs incurred before August 27, 2018, because on that date it made an Offer of Final Judgment pursuant to Rule 68 and Plaintiff did not recover more than that original offer. When a plaintiff rejects a Rule 68 offer, the reasonableness of an attorney fee award depends on the district court's consideration of the results the plaintiff obtained by going to trial compared to the Rule 68 offer. *Haworth v. Nevada*, 56 F.3d 1048, 1052 (9th Cir. 1995). In another claim brought under the Song-Beverly Act, the Ninth Circuit affirmed a district court's denial of attorney's fees for the period following a defendant's Rule 68 offer. *See Hatami v. Kia Motors America, Inc.*, 544 F. App'x 724 (9th Cir. 2013). Like the present case, that case also involved a matter that ultimately settled for less than the amount in the Rule 68 offer. *Hatami v. Kia Motors Am., Inc.*, No. 08-CV-08226-DOC-MLGx, 2011 WL 13142641, at *1 (C.D. Cal. Oct. 31, 2011), *aff'd*, 544 F. App'x 724 (9th Cir. 2013). While the Ninth Circuit's *Hatami* decision is unpublished and therefore not controlling, its reasoning is persuasive and the Court adopts it here. As in *Hatami*, this Court finds that to the extent that the terms of the final judgment exceeded, if at all, the terms of the Rule 68 offer, that benefit accrued only to Plaintiff's lawyer. Accordingly,

the Court analyzes the attorney's fees incurred, but only those incurred prior to Defendant's Rule 68 offer.[1]

### B. Plaintiff's Reasonable Attorney's Fees and Costs

Applying Rule 68, Plaintiff did not ultimately receive a better recovery than the Rule 68 Offer Defendant provided on August 27, 2018.  At that time, Defendant agreed to repurchase Plaintiff's vehicle for $24,000.01.  ECF No. 70, 2.  The final judgment was for $12,500.00.  ECF No. 71, 2-3.  Plaintiff argues that, for purposes of the Rule 68 comparison, his recovery should include the final judgment amount *plus* the $17,365.80 he received from his insurer after his car was totaled on December 6, 2018.  ECF No. 72, 3-4.  Plaintiff cites no authority for the proposition that payments from a non-party should be included in determining total recovery, and the Court is not aware of any.  Accordingly, the Court declines to adopt this reasoning.  Therefore, Plaintiff's fee award is limited to reasonable fees and costs incurred *before* the Rule 68 Offer.

Where state law is at issue, the Ninth Circuit "has applied state law in determining not only the right to fees, but also in the method of calculating the fees." *Mangold v. Cal.*

---

[1] Other district courts in this circuit have applied Rule 68 to cases brought pursuant to the Song-Beverly Act.  *See e.g., Patty v. FCA US LLC*, No. 16-CV-1332-MCE-CKD, 2020 WL 1082773 (E.D. Cal. Mar. 6, 2020) (reducing fees claimed after initial Rule 68 offer was rejected to only thirty percent of those claimed fees where a later accepted Rule 68 offer was for only $9,000.00 more than the initially rejected offer); *Sekula v. FCA US LLC*, No. 17-CV-460-DAD-JLT, 2019 WL 5290903 (E.D. Cal. Oct. 18, 2019) (applying Rule 68 and finding that hours claimed were reasonably incurred where final settlement was substantially larger than the initial Rule 68 offer); *Self v. FCA US LLC*, No. 17-CV-1107-SKO, 2019 WL 1994459 (E.D. Cal. May 6, 2019) (using court's discretion to award only thirty percent of fees claimed after a Rule 68 offer was rejected where the plaintiff's ultimate recovery only exceeded that offer by $4,666.00 and noting that Rule 68 applies strictly – if recovery is not better than the Rule 68 offer, the *offeree* must pay costs incurred after the offer was made); *Carrion v. Kirby Oldsmobile, Inc.*, No. 17-CV-231-JVS-JCGx, 2018 WL 6137127 (C.D. Cal. Nov. 9, 2018) (applying Rule 68 to reduce post-offer attorney's fees to only those required to bring the motion for attorney's fees, which was stipulated to in the parties' settlement).

*Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).  California courts have found that in awarding fees under the Song-Beverly Act, the trial court must "make an initial determination of the actual time expended; and then [must] ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable."  *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994).  The lodestar amount may then be adjusted upward or downward to account for "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award."  *Graham v. DiamlerChrysler Corp.*, 34 Cal. 4th 553, 579 (Cal. 2004) (citations omitted).  The prevailing party has the burden of showing that the attorney's fees it requests are reasonable.  *Nightingale*, 31 Cal. App. 4th at 104.

     First, the Court examines whether the hours expended before the Rule 68 Offer were reasonable.  Plaintiff provided time sheets reflecting the time his counsel spent on this litigation, broken down by specific tasks to one-tenth of an hour increments.  ECF No. 67, Ex. 7-1.  Including time spent after the Rule 68 Offer was made to review the offer, Plaintiff's counsel expended 45.1 hours on the case.  *Id*.  Defendant does not dispute the reasonableness of any time spent during this period, though it would not include the time spent reviewing the offer.  ECF No. 70, 2.  The Court concludes the 45.1 hours spent on this case during the relevant time period were reasonably incurred.

     Second, the Court examines the reasonableness of the fee requested by Plaintiff's counsel.  The time sheets reflect a requested rate of $650 per hour.  ECF No. 67, Ex. 7-1.  Plaintiff provided the hourly rates of attorneys in the community who practice in the relevant area of consumer law, which are similar to the hourly rates requested by his counsel.  ECF No. 67-1.  Plaintiff's counsel further declares he entered into a contingent fee arrangement with Plaintiff stipulating to the $650 hourly rate.  The Court notes that Plaintiff's counsel was awarded a $575 hourly rate for a similar case in 2016.  *Goglin v. BMW of North America*, 4 Cal. App. 5th. 462 (Cal. App. 2016).  Defendant does not

oppose the reasonableness of counsel's hourly fee. Accordingly, the Court finds the $650 hourly rate is appropriate in this case. The lodestar for Plaintiff's attorney's fees is therefore $29,315.00.

Third, the Court examines the costs other than attorney's fees incurred. Plaintiff's counsel provided records indicating he expended $456.26 on the case prior to the Rule 68 Offer. ECF No. 67, Ex. 8. This amount included only the filing fee, e-file charges, and costs associated with issuing the summons and complaint. *Id*. Defendant does not rebut the reasonableness these expenses. The Court finds these costs reasonable and awards them to Plaintiff's counsel in the amount of $456.26. ECF No. 71, 2-3.

Fourth, the Parties agreed to submit this motion for attorney's fees to the court. *Id*. Plaintiff's counsel indicated he spent 15.6 hours preparing the instant motion and reply. ECF No. 67, Ex. 7. Plaintiff's counsel further alleges certain costs incurred after the settlement was reached, but does not provide any indication as to what those costs represent. *Id*. at Ex. 8. Defendant does not object to any specific entry. The Court concludes these time entries are reasonable, *see Carrion*, 2018 WL 6137127, but disallows the costs because they do not indicate the reason for which they were incurred. The Court therefore awards Plaintiff's counsel $10,140.00 in attorney's fees related to preparing this motion and reply.

Finally, Plaintiff requests a 1.5 multiplier of the attorney's fees awarded due to the complexity and contingent fee nature of this case. ECF No. 67, 12-16. Defendant does not advance any arguments against awarding a multiplier. ECF No. 70. In determining whether a multiplier is appropriate, the Court takes "various relevant factors into account, including (1) the novelty and difficulty of the questions involved and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; and (3) the contingent nature of the fee award, based on the uncertainty of prevailing on the merits and of establishing eligibility for the award." *Robertson*, 144 Cal. App. 4th at 819; *see also Warren v. Kia Motors America, Inc.*, 30 Cal. App. 5th 24, 35 (2018). The Court agrees that this was not a typical lemon

law case. Before the Rule 68 Offer, Defendant vigorously contested Plaintiff's claims that the defects were caused by a tuner purchased at Defendant's dealership. It was removed from state court and required resolution of several discovery disputes, including four depositions, one of which involved Defendant's expert witness. Moreover, the Parties' positions materially changed when the vehicle became a total loss. Accordingly, the Court concludes Plaintiff's proposed multiplier is appropriate for those attorney's fees and costs awarded prior to the Offer of Judgment. This determination increases the lodestar from $29,315.00 to $43,972.50.

### III.  CONCLUSION

The Motion for Attorneys' Fees is therefore **GRANTED in part**. The Court awards Plaintiff $54,112.50 in total attorney's fees and $456.26 in costs and expenses. Defendant's requests for costs and fees are denied as lacking any evidentiary support.

**IT IS SO ORDERED.**

DATED: August 11, 2020

_____
**ROGER T. BENITEZ**
United States District Judge